Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 fax
nick@ferrarovega.com / lauren@ferrarovega.com

*Attorneys for Plaintiff Erin Goff*

# UNITES STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN GOFF, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>COUNTY OF RIVERSIDE,<br><br>                Defendants. | Case No. 5:23-cv-01643<br><br>**Collective Action Complaint**<br><br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. §§ 201 *et seq.*) |

Plaintiff Erin Goff ("<u>Plaintiff</u>"), individually and on behalf of all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a collective action against the County of Riverside for violations of the Fair Labor Standards Act.

2. Defendant failed to include cash-in-lieu of benefits, differentials, and incentive payments in the "regular rate" of pay used to lawfully calculate and pay overtime wages to employees like Plaintiff.

3. As a result of this practice, Defendant has underpaid overtime wages to the "<u>FLSA Collective</u>," which is defined as follows:

    a. All current and former non-exempt hourly employees of the County of Riverside [1] who worked for the County at any time during the three years preceding the filing of this action through the present date, and [2] who were paid overtime wages in the same pay period in which they were also paid [a] differentials (i.e., shift or training differentials), [b] cash-in-lieu of benefits (i.e., cash back or in lieu of health benefits), and/or [c] other non-discretionary forms of pay such as incentives (i.e., educational incentives) (hereinafter, the "<u>FLSA Collective</u>" and the "<u>FLSA Period</u>").

4. During the FLSA Period, Defendant had a common payroll practice whereby Defendant did not include [a] differentials, [b] cash-in-lieu of benefits, or [c] incentives in the "regular rate of pay, which deprived Plaintiff and the FLSA Collective of the full balance of the overtime wages owed to them under the FLSA.

5. This action seeks to recover the underpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs of suit.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

7. Venue is proper in this district under 28 U.S.C. § 1391(b) because the County of Riverside is within this judicial district, and because a substantial part of the events giving rise to the claims arose in this district.

## PARTIES

**A.   Plaintiff Erin Goff**

8. Plaintiff Erin Goff is over the age of 18 and a California citizen.

9. Plaintiff was employed by Defendant in the County's fire department from October 2013 to December 2022.

10. Plaintiff worked for Defendant an hourly, non-exempt employee.

11. Plaintiff was entitled to receive overtime pay for overtime hours worked under the Fair Labor Standards Act during the FLSA Period.

12. Defendant paid various forms of remuneration to Plaintiff during the FLSA Period, including shift differentials, cash in lieu of benefits payments, and incentives.

13. Plaintiff earned these forms of remuneration in the same pay period as she earned overtime wages.

14. A written consent form for Plaintiff is attached hereto as **Exhibit 1**.

**B.   Defendant**

15. The County of Riverside is a subdivision of the State of California.

16. Throughout the FLSA Period, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. § 203(r), and a "public agency" within the meaning of 29 U.S.C. § 203(x).

## GENERAL ALLEGATIONS

17. During her employment, Plaintiff worked and was paid for overtime hours at a 1.5 multiple of her *base* hourly rate of pay, instead of a 1.5 multiple of her *regular rate*, as lawfully defined in and required by 29 U.S.C. § 207(a)(1) and (e).

18. For example, in the pay period of 12/14/2022, Plaintiff worked one (1) overtime hour at an hourly rate of $56.79, which was a 1.5 multiple of her base hourly rate of $37.857.

19. In this pay period, however, Plaintiff also earned $50.00 in Flexible Benefit payments (FLX), $3.20 in Shift Differential payments (Z02), and $36.00 in other Shift Differential payments (Z04).

20. This pay period is illustrative of other pay periods during her employment within the FLSA Period, where Plaintiff earned shift differentials, cash back or in lieu of benefits, and incentives, including, but not limited to, those designated on her wage statements with the pay codes Z01, Z02, Z04, PD6, PD7, and FLX.

21. However, despite earning these additional forms of remuneration throughout the FLSA Period, Defendant did not pay Plaintiff's overtime at "a rate not less than one and one-half times the regular rate at which [s]he [was] employed." 29 U.S.C. § 207(a)(1).

22. The differentials, cash-in-lieu of benefits, and other non-discretionary incentive payments may not be excluded from the regular rate of pay under federal law, as they do not fall within one of the specifically enumerated exclusions. *See* 29 U.S.C. § 207(e)(1)-(8).

23. Defendant also paid these [a] differentials (i.e., shift or training differentials), [b] cash-in-lieu of benefits (i.e., cash back or in lieu of health benefits), and/or [c] other non-discretionary forms of pay such as incentives (i.e., educational incentives) to other members of the FLSA Collective.

24. When Defendant paid these types of remuneration to members of the FLSA Collective in the same pay period in which those individuals earned overtime, the overtime rate and pay was depreciated because it did not factor in the monetary value of those earnings.

25. This practice resulted in systemic underpayments. *See, e.g., Flores v. City of San Gabriel*, 824 F. 3d 890, 901 (9th Cir. 2016) (affirming "cash-in-lieu of benefits payments are not properly excluded" from the regular rate of pay); *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 469 (1948) ("Where an employee receives a higher wage or rate because of undesirable hours or disagreeable work, such wage represents a shift differential or higher wages because of the character of work done or the time at which he is required to labor rather than an overtime premium. Such payments enter into the determination of the regular rate of pay").

26. The three-year statute of limitations set forth in 29 U.S.C § 255 applies because the obligation to pay overtime based upon the regular rate of pay, rather than the base rate, is well established and Defendant has failed to comply, despite the ability and resources to do so.

## FLSA COLLECTIVE ACTION

27. Plaintiff brings this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) and (d) to recover unpaid overtime wages and liquidated damages related to Defendant's violation of the FLSA.

28. Plaintiff seeks this relief on behalf of the FLSA Collective:

    a. All current and former non-exempt hourly employees of the County of Riverside [1] who worked for the County at any time during the three years preceding the filing of this action through the present date, and [2] who were paid overtime wages in the same pay period in which they were also paid [a] differentials (i.e., shift or training differentials), [b] cash-in-lieu of benefits (i.e., cash back or in lieu

of health benefits), and/or [c] other non-discretionary forms of pay such as incentives (i.e., educational incentives).

29. Plaintiff is a member of the FLSA Collective she seeks to represent because she worked for the County within the past two- and three-year periods for Defendant and she was paid overtime wages in the same pay period in which she was paid [a] differentials (i.e., shift or training differentials), [b] cash-in-lieu of benefits (i.e., cash back or in lieu of health benefits), and/or [c] other non-discretionary forms of pay such as incentives (i.e., educational incentives).

30. Although Plaintiff and the FLSA Collective may have had different job titles, worked at different locations or in different departments, received different hourly rates of pay, and received differentials, cash-in-lieu pay, and incentives under different codes and classifications, this action and the damages sought herein may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

  a. Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

  b. Plaintiff and the FLSA Collective were subject to Defendant's policies, practices, and directives with respect to overtime pay.

  c. Plaintiff and the FLSA Collective were paid overtime wages.

  d. Plaintiff and the FLSA Collective were paid [a] differentials; and/or [b] cash-in-lieu of benefits; and/or [c] other non-discretionary forms of pay such as incentives.

  e. In those pay periods, Defendant did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

31. The total number and identities of those individuals in the FLSA Collective—current and former employees of the County within the FLSA Period—is

readily available employment and payroll records Defendant is obligated to maintain under state and federal laws.

32. The FLSA Collective can be provided notice by first class mail and/or email to the last address(es) known to their employer.

## FIRST CAUSE OF ACTION

**Failure to Pay All Overtime Wages Owed [FLSA - 29 U.S.C. §§ 201 *et seq.*]**

**(Plaintiff and the FLSA Collective Against Defendant)**

33. Plaintiff incorporates all paragraphs of this Complaint as if set forth herein.

34. Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

35. Defendant employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

36. Defendant paid Plaintiff and the FLSA Collective [a] differentials (i.e., shift or training differentials), [b] cash-in-lieu of benefits (i.e., cash back or in lieu of health benefits), and/or [c] other non-discretionary forms of pay such as incentives (i.e., educational incentives).

37. Defendant failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

38. Plaintiff and the FLSA Collective have been deprived of overtime wages owed for time worked more than 40 hours per week, due to the regular rate underpayments.

39. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees,

despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

40. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

41. As a result of Defendant's practice, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages, interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## **PRAYER**

Plaintiff prays for judgment as follows:

a. For certification of this action as an FLSA collective action;
b. For recovery of damages in amount according to proof;
c. For all recoverable pre- and post-judgment interest;
d. For recovery of all wages and liquidated damages;
e. For reasonable attorneys' fees and costs of suit, including expert fees, to the extent permitted by law, including 29 U.S.C. § 216(b); and
f. For such other relief the Court deems just and proper.

Dated: August 14, 2023                *Ferraro Vega Employment Lawyers, Inc.*

*[signature]*

Nicholas J. Ferraro
Lauren N. Vega
*Attorneys for Plaintiff Erin Goff*