**(STAY / JS6 ADMIN)**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN GOFF, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE,<br><br>　　　Defendants. | Case No. 5:23-cv-01643-SSS-SPx<br><br>**ORDER GRANTING CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**NOTE CHANGE MADE BY COURT** |

　　　Having considered the parties' Stipulation for Conditional Certification of FLSA Collective Action and Facilitated Notice, and the proposed Notice attached thereto, and finding that good cause exists to issue an order pursuant to said stipulation,

　　　IT IS HEREBY ORDERED THAT:

　　　1.　　This action satisfies the requirements for conditional certification as a "Collective Action" under the Federal Labor Standards Act (FLSA). The questions of law and fact common to the members of the collective predominate over questions relevant only to individual members of the collective and certification of the collective is superior to any other method for the fair and efficient adjudication of this matter.

　　　2.　　For purposes of conditional certification, the FLSA Collective shall consist of all current and former non-exempt employees of Defendant serving in specified

-1-

ORDER GRANTING CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(B) - Case No. 5:23-cv-01643-SSS-SPx

"dispatcher" classifications, who worked overtime and received (a) differentials (i.e., shift or training differentials), (b) cash-in-lieu of benefits (i.e., cash back or in lieu of health benefits), and/or (c) other non-discretionary forms of pay such as incentives within the same workweek as overtime pay at any point during the time period of March 1, 2021, through the date of this Order. Only those dispatchers who affirmatively opt in to the case shall be considered members of the FLSA Collective.

3. This action is conditionally certified as a collective action under 29 U.S.C. 216(b). Plaintiff Erin Goff shall be appointed collective action representative. Plaintiff's counsel, Ferraro Vega Employments Lawyers, Inc., shall serve as counsel for the FLSA Collective.

4. Notification of this action in the manner set forth in subsections (a) through (c) below is appropriate:

    a. Notification should be made by sending a "Notice of Action" in the form of the notice attached hereto as Attachment A to all prospective members of the FLSA Collective by mail and email. Prospective members of the FLSA Collective shall have sixty (60) days from the date the notice is sent to opt into the action.

    b. The Parties will engage with a third-party administrator to mail and email the Notice of Action to prospective members of the FLSA Collective, with the costs of administration to be split by the Parties evenly. The Notice of Action will be sent out no later than sixty (60) days after the date of his Order.

    c. Defendant will provide the third-party administrator with a list of the prospective members of the FLSA Collective, along with the prospective class members' names, last known mailing addresses, email addresses, and phone numbers on file for such individuals within thirty (30) days after the date of this Order.

5. Any deadlines currently set in this case are hereby vacated (including the

ORDER GRANTING CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(B) - Case No. 5:23-cv-01643-SSS-SPx

November 7, 2025 status conference), and all proceedings are stayed except the filing of consents to join and the issuance of this order granting conditional certification and authorizing notice pursuant to *Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989).

     6.    The parties shall use informal discovery and continued early settlement negotiations in an attempt to resolve this dispute promptly.

     7.    The parties are ordered to submit a joint status report to this Court detailing their efforts taken to resolve this dispute, including the parties' second mediation date, and the current status of the case within one hundred and twenty (120) days from the date of this order.

     8.    The Clerk is DIRECTED to close the case administratively.

IT IS SO ORDRED,

Dated: October 15, 2025

By: _____
HONORABLE SUNSHINE S. SYKES
UNITED STATES DISTRICT JUDGE